**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Andy Sprague, | Case No. 3:15 CV 2513 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | |
| | OPINION AND ORDER |
| Lucas County Clerk of Courts, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Andy Sprague filed the above-captioned action against Lucas County Clerk of Courts Bernie Quilter, Allen Correctional Institution ("ACI") Physician Thomas Lin, and Contract Dentist Dr. Olzwaski.

Sprague alleges the Lucas County Clerk of Courts did not provide him with a copy of the transcript of his criminal trial, Dr. Lin did not adequately treat his medical conditions, and Dr. Olzwaski did not immediately provide dental care for his broken tooth. He seeks an order requiring the State of Ohio to give him a new trial if the Court Clerk does not produce the transcript, an order requiring his physician to restore all of his original prescriptions, and an order requiring the dentist to pull his tooth. He also requests monetary damages.

**I. Background**

Sprague's Complaint includes three separate allegations. First, he alleges he sent a letter to the Lucas County Clerk of Courts seeking a copy of the docket and trial transcript for his 2001

criminal case. The Clerk's Office responded by mailing his case docket to him and telling him to contact the court reporter to order copies of the transcript. Sprague claims his conviction is invalid if a hard copy of his transcript is not kept on file in the Clerk's Office. He also claims he cannot pursue other actions without the transcript.

Second, Sprague claims he has epilepsy, and asthma. He indicates that he was given a top bunk in 2012 despite his medical conditions. He indicates that on May 23, 2015, he had an appointment for a check-up with Dr. Lin in the Chronic Care Clinic. At the appointment, he told Dr. Lin he needed a refill on his inhaler. Dr. Lin concluded the appointment by telling Plaintiff he would see him in three months. Sprague contends that as he was leaving the appointment, he lost consciousness and stopped breathing "for a good second." (Doc. 1-3). He claims this was directly related to Dr. Linn's decision to discontinue his seizure medication. He alleges he was treated by two nurses on the scene, and was taken to be monitored at the prison infirmary instead of being transported to an outside hospital. In addition, he thought he had lupus; however, Dr. Hoover told him he had a stomach virus called "lipis." (Doc. 1-3).

Finally, Sprague alleges Dr. Olzwaski did not pull his broken tooth in a timely manner. He indicates Dr. Olzwaski is a contract dentist that provides treatment to inmates at ACI.. He states he broke his tooth on August 24, 2015. He requested an appointment to have his tooth pulled. He finally received a pass to see the dentist on November 2, 2015. Sprague states "[s]ince the 24 of Aug. till now they took out my tooth. I had to send formal complaint to Wildman." (Doc. 1-5).

Sprague does not specify any particular legal claims he intends to bring. He seeks a new trial if the Clerk of Court does not provide him with a printed copy of the transcripts of his criminal trial. He wants me to order Dr. Lin to place him back on Dilantin and renew his prescription for an

inhaler. Finally, he asks me to order Dr. Olzwaski to remove his broken tooth, although it appears from the exhibits to his Complaint that the dentist removed his tooth in November 2015. He also seeks monetary damages in the amount of $ 20,000,000.00.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Sprague does not specify the legal claims he intends to bring against the Defendants. He merely alleges facts, and concludes he is entitled to relief without providing a legal basis for his claims. To meet basic federal notice pleading requirements, a complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Here, Sprague relies on me to read through his brief description of events and identify a claim or claims under which he can recover. This is not my role. It is a plaintiff's responsibility to identify and organize his claims and supporting allegations into a manageable format. A court's role is to adjudicate disputes, not assist in asserting them.

Having said that, courts do liberally construe *pro se* pleadings. This requires active interpretation of the complaint in some cases. There are, however, limits on the duty of a court in this regard. Courts are not required to construct claims from obscure references in a *pro se* Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). A plaintiff therefore must make more than a fleeting reference to properly present an issue.

I have reviewed the allegations in Sprague's pleading, and have given them the most active interpretation possible. On his Civil Cover Sheet filed with his complaint, he indicates he is filing a civil rights action. Civil rights actions filed against state and county officials would arise, if at all, under 42 U.S.C. § 1983. Because Sprague complains of medical and dental care, it is possible he intended to assert claims under the Eighth Amendment against Dr. Lin and Dr. Olzwaski. In

addition, he states he is unable to file other actions without his transcript. It is possible he is attempting to assert a claim for denial of access to the courts under the First Amendment. To the extent Sprague intended to bring these causes of action, his complaint fails to state a claim upon which relief may be granted. To the extent he intended to assert some other cause of action, he did not adequately identify it, and failed to meet basic notice pleading requirements.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

The Eighth Amendment does not, however, mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999).

In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.

A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*.

A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights. He first must allege sufficient facts to suggest he was suffering from a "serious" medical condition. *Id.* He then must allege that the prison officials were "deliberately indifferent" to the serious medical need. *Id*.

It is clear from the foregoing that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment

claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir.1997)).

Sprague lists three potential medical conditions and one dental condition. He states he suffers from seizures, asthma, either lupus or a stomach virus, and has a broken tooth. While seizures, asthma, and lupus can be serious medical conditions, it is unclear from the complaint to what degree his tooth was broken. He does not provide any description of the tooth. While he believed the damage to his tooth made him more vulnerable to infection, he did not provide sufficient information to indicate whether his condition was serious or cosmetic in nature.

Moreover, even if these were serious medical conditions which affected Sprague's immediate health and safety, he fails to allege facts to suggest Dr. Linn or Dr. Olzwaski were deliberately indifferent to his serious medical or dental needs. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official to "know[ ]of and disregard[ ] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

Sprague claims Dr. Lin was deliberately indifferent to his serious medical conditions because he discontinued or changed some of his medications, and did not issue a bottom bunk restriction. Sprague does not provide any further explanation of these actions. He indicates he was seen by Dr. Lin at the Chronic Care Clinic on May 22, 2015 for a well visit. At that appointment, they discussed his medications, and he indicated he needed a refill on his inhaler. Dr. Lin told Sprague he would see him in three months for a follow up visit. Sprague claims he lost consciousness as he was leaving that appointment. He contends he was treated by two nurses on the spot and was kept in the

infirmary for observation. One of the grievances attached to his complaint indicates he was given a bottom bunk restriction on May 22, 2015, the day of the incident. None of these allegations suggest Dr. Lin was deliberately indifferent to Sprague's serious medical needs.

Sprague claims Dr. Olzwaski was deliberately indifferent to his serious dental need by failing to pull his tooth in August 2015. He indicates Dr. Olzwaski is a contract dentist who provides dental services at ACI. Sprague does not allege any facts suggesting Dr. Olzwaski was aware that Sprague broke his tooth. Nor does he indicate how often the dentist is at ACI and how often he sees patients.

Sprague attaches a health services request form and an informal complaint form, in which he requests that prison staff schedule him to see the dentist for a broken tooth. That does not equate to actual knowledge by Dr. Olzwaski of Sprague's condition and a conscious disregard of any danger it posed to his health. Sprague also attaches an "inside pass" to the dentist on November 2, 2015. He wrote on the bottom of that form that he waited from August 24 until November 2 to have his tooth removed. None of these allegations suggest Dr. Olzwaski was deliberately indifferent to a serious medical need of the Sprague.

Finally, Sprague fails to state a claim for denial of access to the Courts under the First Amendment. The First Amendment protects an inmate's right to access to the courts, "but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99–3436, 2000 WL 178418, at *1 (6th Cir. Feb.8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)). Inmates do not enjoy a federally protected right in free photocopying services. *Tinch*, 2000 WL 178418, at *1 (citations omitted).

Accordingly, Sprague has no constitutionally protected right to receive free copies of his trial transcript and other evidence presented at trial. *Swank v. Franklin Cty.*, No. 2:13-CV-177, 2013 WL

1915146, at *3 (S.D. Ohio May 8, 2013). The Clerk of Court did not indicate to the Sprague that the transcript did not exist. She indicated to him that he would need to obtain it from the court reporter.

Furthermore, to state a claim for denial of access to the courts, Sprague must allege particular actions of the Defendant prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). A plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by the Defendant. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint." *Christopher*, 536 U.S. at 415.

In this case, Sprague was convicted in December 2001. He wrote a letter to the Lucas County Court Clerk in 2015 asking for copies of his transcripts. She referred him to the court reporter. There is no suggestion in the pleading that Sprague has a viable non-frivolous direct appeal, or habeas corpus petition pending fourteen years after his conviction for which a copy of the transcript of his criminal trial is necessary. Thus, Sprague failed to demonstrate he was denied access to the courts.

## IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT this action be, and the same hereby is, dismissed pursuant to 28 U.S.C. § 1915(e).

I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it could not be taken in good faith.